IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOHN SCHULTZ,**<br><br>                          **Plaintiff,**<br><br>-against-<br><br>**TRAVELERS INDEMNITY COMPANY,**<br><br>                          **Defendant.** | Case No. 23 Civ. 205<br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiff John Schultz, by and through his attorneys Kessler Matura P.C., complaining of Defendant Travelers Indemnity Company, alleges as follows:

### INTRODUCTION

1. Travelers Indemnity Company ("Travelers") and has more 30,000 employees.

2. Travelers provides insurance coverage and is the second-largest commercial insurer in the United States.

3. Plaintiff worked for Travelers for approximately 21 and one-half years as a Commercial Boiler Inspector.

4. As a Commercial Boiler Inspector, Plaintiff inspected thousands of boilers in New York City, predominantly in lower Manhattan.

5. Commercial Boiler Inspection is a physical job and requires workers like Plaintiff to climb onto, and in some cases into, commercial boilers and inspect valves and gauges. In order to perform this work, Commercial Boiler Inspectors typically climb ladders and lift heavy objects. In many cases, the objects are so heavy that they require multiple individuals to assist in the lifting a placement of boiler parts.

6. Plaintiff was a manual worker.

7. Despite this fact, Travelers compensated Plaintiff on a bi-weekly basis and failed to pay his wages within seven calendar days after the end of the week in which the wages were earned.

8. While employed by Travelers, Plaintiff was a well-regarded employee.

9. In late winter 2019, Plaintiff began experiencing severe dizziness which made it virtually impossible to walk, let alone perform his job for Travelers.

10. In May 2019, Plaintiff was diagnosed with Vestibular Neuritis.

11. Plaintiff took a leave of absence from Travelers for approximately eight months from April 1, until December 2, 2019.

12. Plaintiff returned to work on December 2, 2019.

13. Almost immediately upon his return, Plaintiff's job performance was criticized.

14. On January 20, 2020, Travelers terminated Plaintiff's employment.

## NATURE OF THE CLAIMS

15. The unlawful discrimination described herein was committed in violation of the New York State Human Rights Law, N.Y. Executive Law § 290 *et seq*. ("NYSHRL"), and the New York City Human Rights Law, Administrative Code of the City of New York, § 8-101 *et seq*. ("NYCHRL").

16. Following commencement of this action, a copy of this Complaint will be served both on the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of the NYCHRL.

17. The failure to provide timely wages as described herein was committed in violation of New York Labor Law, Article 6, §§ 191, 198 ("NYLL").

## JURISDICTION & VENUE

18. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) based on the diversity of citizenship between the named parties, and the amount in controversy exceeds $75,000.00.

19. Venue is proper within this Judicial District pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to the claims herein occurred in the Eastern District of New York.

## THE PARTIES

*Plaintiff John Schultz*

20. Plaintiff was and still is a citizen of the State of New York.

21. Plaintiff is resident of the County of Nassau, State of New York.

22. Plaintiff was employed by Defendant from approximately 1998 until January 20, 2020.

23. Plaintiff performed his primary duties in New York City, mostly in Manhattan.

24. Approximately 90% of Plaintiff's job duties were performed in lower Manhattan, with the other 10% in Brooklyn, the Bronx, or Nassau County.

25. In addition to the physical tasks described herein, Plaintiff worked from his residence in Nassau County, which included completing required paperwork related to the boilers he inspected for Defendant.

26. At all times relevant, Plaintiff was an "employee" within the meaning of all applicable statutes.

*Defendant Travelers Indemnity Company*

27. Defendant is a corporation with a principal place of business in the State of Connecticut.

28. Defendant's headquarters are located at One Tower Square, Hartford, CT 06183.

29. Upon information and belief, during all times hereinafter mentioned, Travelers is an "employer" within the meaning of all applicable statutes.

## FACTUAL ALLEGATIONS

*Discrimination*

30. Plaintiff was by Defendant for approximately 21 and one-half years.

31. During that time, Plaintiff worked as a commercial boiler inspector.

32. In the late winter of 2019, Plaintiff became experiencing severe and prolonged bouts of dizziness.

33. Plaintiff's dizziness made it difficult, if not impossible, for him to walk.

34. Plaintiff was diagnosed with Vestibular Neuritis.

35. Plaintiff's symptoms of Vestibular Neuritis rendered him disabled and unable to work.

36. Plaintiff took a leave of absence from Travelers from approximately April 1, until December 2, 2019.

37. Plaintiff returned to work at Travelers on approximately December 2, 2019.

38. From when he returned through his termination, Plaintiff was able to and did perform the duties of his job, despite his disability.

39. Almost immediately upon his return to work, Plaintiff's job performance was criticized.

40. The criticism of Plaintiff's job performance was unwarranted.

41. Despite being given a company car for 21 years, Travelers did not give Plaintiff a company car when he returned to work after his leave of absence.

42. This was because of his disability.

43. Plaintiff's field manager admitted to him that many in the company had never heard of Vestibular Neuritis until the spouse of a well-known individual in their field supposedly drove into a building because she was suffering from the same disability as Plaintiff.

44. On January 20, 2020, Travelers terminated Plaintiff's employment.

45. Travelers terminated Plaintiff's employment because of his disability.

***NYLL Violation***

46. Throughout Plaintiff's employment, he was required to perform the following job duties: (1) inspect safety valves and relief valves for proper set pressures and adequate relieving capacities as required by the boilers' and/or vessels' nameplates; and (2) inspect for the proper required assembly, installation, maintenance and operation of controls and safety devices on insured's boilers and fired/unfired pressure vessels and other related equipment which included steam turbines, pumps, motors, compressors, and miscellaneous electrical apparatus.

47. Throughout Plaintiff's employment, in order to perform his job duties, he spent over twenty-five percent of time performing physical tasks, including but not limited to: (1) climbing; (2) lifting; (3) handling and utilizing tools; and (4) attaching devices to test valves and gauges.

48. Despite regularly spending more than twenty-five percent of his time performing these physical tasks, Plaintiff was compensated on a bi-weekly basis.

49. Throughout his employment, Plaintiff was paid on the same bi-weekly pay cycle throughout his employment.

50. Throughout his employment, Plaintiff was paid no sooner than six days from the end of the second workweek on the bi-weekly cycle.

51. As a result, throughout his employment, Plaintiff's wages for week one of the bi-weekly pay cycle were always late, and paid in violation of NYLL § 191(1)(a).

52. Plaintiff was deprived of the time value of his earned wages during periods in which payment was illegally delayed.

53. Plaintiff was deprived of the ability to use – i.e., spend, invest, or save – his earned wages during periods in which payment was illegally delayed.

54. Plaintiff lost the opportunity to grow such untimely-paid wages through investment or otherwise benefit financially, including by paying down debts earlier.

55. Travelers, however, benefited from the delayed payments. That is, among other things, Travelers reduced its administrative costs by paying less frequently than required and use the extra money they were holding onto as they pleased until payroll was cut.

56. Travelers did not possess a good faith basis for deciding to pay and thereafter continuing to pay his employees' wages biweekly.

## FIRST CAUSE OF ACTION
## FOR DISABILITY DISCRIMININATION
## A NYSHRL VIOLATION

57. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58. Plaintiff was disabled.

59. Defendant was aware of Plaintiff's disability.

60. Defendant intentionally discriminated against Plaintiff in violation of the NYSHRL.

61. Defendant knew that its actions constituted unlawful discrimination and/or showed reckless disregard for Plaintiff's statutorily protected rights.

62. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered severe damages, including, but not limited to, deprivation of income and benefits, loss of opportunity for advancement and promotion, and emotional distress.

## SECOND CAUSE OF ACTION
## FOR DISABILITY DISCRIMINATION
## A NYCHRL VIOLATION

63. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64. Plaintiff was disabled.

65. Defendant was aware of Plaintiff's disability.

66. Defendant intentionally discriminated against Plaintiff in violation of the NYCHRL.

67. Defendant knew that its actions constituted unlawful discrimination and/or showed reckless disregard for Plaintiff's statutorily protected rights.

68. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered severe damages, including, but not limited to, deprivation of income and benefits, loss of opportunity for advancement and promotion, and emotional distress.

## THIRD CAUSE OF ACTION
## FAILURE TO PAY WAGES ON A WEEKLY BASIS
## A NYLL VIOLATION

69. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

70. Defendant failed to pay Plaintiff on a weekly basis as required by NYLL § 191(1)(a).

71. Due to Defendant's violations of NYLL § 191(1)(a), Plaintiff is owed liquidated damages amounting to approximately one half of the total wages paid to him during the course of his employment, as well as reasonable attorneys' fees and costs as provided for by NYLL § 198.

## DEMAND FOR JURY TRIAL

72. Plaintiff demands a trial by jury for all issues in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. Compensatory damages;

B. Punitive damages;

C. Liquidated damages as provided for by NYLL;

D. Attorney's fees and costs of the action;

E. Pre-judgment interest and post-judgment interest as provided by law;

F. A declaratory judgment that the practices complained of are unlawful; and

G. Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: Melville, New York
      January 11, 2023

                                                  Respectfully submitted,

                                                  By: /s/ Troy L. Kessler
                                                        Troy L. Kessler

                                                **KESSLER MATURA P.C.**
                                                Troy L. Kessler
                                                534 Broadhollow Road, Suite 275
                                                Melville, NY 11747
                                                (631) 499-9100
                                                tkessler@kesslermatura.com

                                                ***Attorneys for Plaintiff***